2002 UT 126

**STATE of Utah in the interest of W.A., a child under eighteen years of age.**

**State of Utah, Petitioner and Cross–Respondent,**

v.

**E.A., Respondent and Cross–Petitioner.**

**No. 20020236.**

Supreme Court of Utah.

Dec. 20, 2002.

See also 63 P.3d 607.

Mark L. Shurtleff, Att'y Gen., Annina M. Mitchell, Asst. Att'y Gen., Salt Lake City, for petitioner.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Scott Wiggins, Salt Lake City, for respondent.

DURRANT, Associate Chief Justice:

¶ 1 This case concerns the termination of parental rights. The State of Utah and W.A., acting through a guardian ad litem, filed a motion to terminate the rights of both of W.A.'s parents. In response, W.A.'s father argued that the juvenile court lacked personal jurisdiction over him under both Utah and federal law. The juvenile court disagreed and terminated his parental rights.

The court of appeals reversed, reasoning that Utah's long-arm statute did not confer personal jurisdiction over him and that the status exception was inapplicable to parental termination proceedings.

¶ 2 On certiorari, we conclude that the juvenile court had personal jurisdiction over the father pursuant to subsection 78–3a–110(13) of the Utah Code. We also conclude that asserting jurisdiction over him complied with the due process requirements of the Fourteenth Amendment because the status exception extends to parental termination proceedings and the facts of this case otherwise support the exercise of jurisdiction. We therefore reverse the court of appeals' decision.

## BACKGROUND

¶ 3 W.A., a juvenile, is the biological son of D.A. and E.A. In December 1993, the State of Oklahoma filed felony charges against both his mother, D.A., and his father, E.A. Thereafter, a Kentucky court granted temporary custody and guardianship of W.A. to his sister, D.D.

¶ 4 On July 2, 1996, D.A. pleaded nolo contendere to sexually abusing a minor child and was sentenced by an Oklahoma court to ten years in prison. That same day, E.A. pleaded nolo contendere to lewd molestation of a child and sexual abuse of a minor. As a result of this plea, an Oklahoma court sentenced E.A. to a term of twenty years for the first charge and a term of life imprisonment for the second.

¶ 5 Sometime between 1995 and 1998, D.D. moved to Utah with W.A. In February of 1998, D.D. contacted the Division of Child and Family Services ("the State") and informed it that she could no longer care for W.A. The State then filed a dependency petition regarding W.A. A juvenile court adjudicated W.A. a dependent child on February 25, 1998, and awarded the State temporary custody and guardianship.

¶ 6 On October 8, 1998, the State and W.A.'s guardian ad litem filed a motion to terminate D.A.'s and E.A.'s parental rights. Both parents moved to dismiss, reasoning that Utah's long-arm statute, *see* Utah Code

Ann. § 78–27–24 (2002), did not afford the juvenile court personal jurisdiction over them and, even if it did, such an assertion of jurisdiction violated the due process requirements of the Fourteenth Amendment. The juvenile court disagreed, concluding that the parents had sufficient contacts with the State of Utah to allow the court to exercise personal jurisdiction under subsections 78–27–24(3) and (6) of the Utah Code. Alternatively, the juvenile court reasoned that it had personal jurisdiction over the parents under the status exception because a parental termination proceeding involves the "status" of a child vis-a-vis its parents.

¶ 7 Following a trial, the juvenile court terminated the parental rights of both E.A. and D.A., concluding that they were unfit under sections 78–3a–407(3), –408(2)(e), and –408(4)(a) of the Utah Code,[1] and had abandoned W.A. pursuant to sections 78–3a–407(1) and –408(1)(c) of the Utah Code.[2] E.A. appealed,[3] and the court of appeals reversed. *E.A. v. State (State ex rel. W.A.)*, 2002 UT App 72, ¶¶ 39–40, 2002 WL 355970. The court of appeals reasoned that although E.A. had sufficient contacts with the State of Utah to satisfy the due process requirements of the Fourteenth Amendment, *id.* at ¶¶ 12–13, Utah's long-arm statute did not confer personal jurisdiction over him, *id.* at ¶ 16. The court of appeals further held that the status exception does not extend to parental termination proceedings. *Id.* at ¶ 39.

¶ 8 We subsequently granted the State's petition for certiorari and E.A.'s cross-petition for certiorari. We have jurisdiction pursuant to Utah Code Ann. § 78–2–2(3)(a) (2002). On certiorari, the State contends that either personal jurisdiction over E.A. was not required or that the juvenile court had an adequate basis for asserting personal jurisdiction over E.A. It offers three arguments in support of these alternative posi-

tions. First, it claims that the Juvenile Court Act, Utah Code Ann. §§ 78–3a–102, –103(a), (h), (r), and –104(1)(c) (2002), the Termination of Parental Rights Act, Utah Code Ann. §§ 78–3a–401 to –415, and the Uniform Child Custody and Enforcement Act, Utah Code Ann. §§ 78–45c–101 to –318, do not require personal jurisdiction over a nonresident parent. Second, it argues that the juvenile court had personal jurisdiction under Utah law because a parental termination proceeding involves the status of a child vis-a-vis his or her parents. Finally, the State argues that Utah's long-arm statute conferred personal jurisdiction over E.A.

¶ 9 In response, E.A. asserts that (1) none of the juvenile court acts cited by the State displace the requirement that the court have personal jurisdiction over him, (2) the status exception does not extend to parental termination proceedings, and (3) Utah's long-arm statute is inapplicable. Alternatively, he argues that the court of appeals erred in concluding that he had sufficient minimum contacts with the State of Utah to satisfy the due process requirements of the Fourteenth Amendment.

## ANALYSIS

### I. STANDARD OF REVIEW

 ¶ 10 "When exercising our certiorari jurisdiction, we review the decision of the court of appeals and not that of the trial court." *Longley v. Leucadia Fin. Corp.*, 2000 UT 69, ¶ 13, 9 P.3d 762. Moreover, "we review the decision of the court of appeals for correctness." *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 11, 48 P.3d 968.

### II. PERSONAL JURISDICTION

 ¶ 11 This case is a companion case to *D.A. v. State (State ex rel. W.A.)*, 2002 UT

1. We note that all of the statutory sections cited in this paragraph of our opinion refer to the 1998 version of the Utah Code that was in effect at the time of the termination proceedings. This is important to note because some of the sections were reordered in 2002.

2. We note that both of W.A.'s parents remained incarcerated through at least the completion of

the termination proceeding. Specifically, as of that time, D.A. resided in a Texas penitentiary, and E.A. resided in an Oklahoma prison.

3. D.A. also appealed. The court of appeals certified her case directly to us, however. We resolve that appeal in a separate opinion issued today. *D.A. v. State (State ex rel. W.A.)*, 2002 UT 127, 63 P.3d 607.

127, 63 P.3d 607, and raises an issue identical to an issue addressed in that case. Specifically, as in *D.A.*, E.A. contends that the juvenile court lacked personal jurisdiction over him under both Utah and federal law. We rejected D.A.'s assertions, however, reasoning that (1) subsection 78–3a–110(13) of the Utah Code confers personal jurisdiction over a nonresident parent, (2) the status exception applies to parental termination proceedings, and (3) other considerations in the case showed compliance with Fourteenth Amendment fairness requirements. *Id.* at ¶ 47. We adopt the same analysis here. Accordingly, we hold that the juvenile court appropriately asserted personal jurisdiction over E.A. under Utah law[4] and that asserting personal jurisdiction over him complied with the due process requirements of the Fourteenth Amendment.

4. In reaching our conclusion that subsection 78–3a–110(13) of the Utah Code afforded the juvenile court personal jurisdiction over E.A., we note that (1) E.A. received actual notice of the parental termination proceeding as evidenced by

## CONCLUSION

¶ 12 We conclude that the juvenile court had personal jurisdiction over E.A. under both Utah and federal law. We therefore reverse the decision rendered by the court of appeals.

¶ 13 Justice HOWE, Justice RUSSON, and Justice WILKINS concur in Associate Chief Justice DURRANT's opinion.

¶ 14 Chief Justice DURHAM concurs in the result.

his opposition to the juvenile court's authority to terminate his parental rights, and (2) it is undisputed that W.A. lived in the State of Utah at the time the parental termination proceeding commenced.